"O"

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| RICHIE A. HICKS, | Case No. EDCV 05-00292-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Richie Hicks seeks judicial review of the Commissioner's final decision denying his application for Supplemental Security Income benefits under Title XVI of the Social Security Act. 42 U.S.C. § 1381 *et seq*. For the reasons stated below, the Commissioner's decision shall be reversed and this action is remanded for further proceedings consistent with the analysis contained in this opinion.

**I.   Background**

Plaintiff was born on December 17, 1970 and was thirty-three years old at the time of the administrative hearing held on July 22, 2004,

before Administrative Law Judge ("ALJ") F. Keith Varni. (Administrative Record "AR" at 39).  Plaintiff has a high school education and his past work experience includes employment as a truck driver and auto detailer. (AR at 14). He alleges that he became disabled on June 1, 2001, due to shoulder injuries, depression, and anxiety. (AR at 14). In February, 2001, Plaintiff was seriously injured at work while unloading freight when a pallet came crashing down on him. Plaintiff sustained back and shoulder injuries, requiring bilateral shoulder surgery, characterized by a torn rotator cuff. (AR at 217).  Plaintiff asserts that he is unable to work due to this injury, that the loss of income and productivity has resulted in low self-esteem and depression for which he self-medicates with alcohol. (AR at 217).  Plaintiff admits that he drinks excessively every other day. (AR at 193).

   Plaintiff filed an application for Social Security Disability Insurance Benefits on August 2, 2002, and was denied initially and upon reconsideration. (AR at 45). He requested a hearing and ALJ Varni issued an unfavorable decision on August 10, 2004.

   In his decision, the ALJ found that Plaintiff's bilateral rotator cuff tears, status post bilateral rotator cuff repair, and chronic alcohol abuse with probable alcohol dependence and depressive disorder, not otherwise specified, were in combination considered "severe" based on the requirements in the Regulations at 20 CFR § 404.1452. (AR at 18). However, the ALJ concluded that absent Plaintiff's alcohol abuse, his mental impairment was "nonsevere" as defined in the regulations. (AR at 16).  The ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal any of the listed impairments in Regulation No. 4. (AR at 19).  He further found Plaintiff's allegations regarding his limitations were not totally credible. Absent alcohol

abuse, the ALJ found that the Plaintiff had never lost the residual functional capacity to lift or carry twenty pounds occasionally, and ten pounds frequently, stand or walk frequently with customary breaks, sit frequently with customary breaks, and reach frequently, but not overhead to any significant extent. The ALJ further found that Plaintiff could return to his past work. The ALJ did not rely on the testimony of any Vocational Expert in making this assessment. (AR at 18-19). In his final analysis, the ALJ found that Plaintiff was not under a "disability" as defined in the Social Security Act at any time through the date of the decision. (AR at 19).

Plaintiff timely filed a request for review and the Appeals Council denied review on February 10, 2005. Plaintiff then commenced the present action. On January 23, 2006, the parties filed a Joint Stipulation of disputed issues.

Plaintiff stipulates that the ALJ fairly and accurately summarized the material medical evidence and testimony of record with the exception of those portions as addressed in Plaintiff's Issues and Contentions. Defendants submits that the ALJ sufficiently summarized the evidence of record. (Joint Stipulation "JS" at 2). Thus, the Court will proceed with the analysis and state additional background information as necessary to flesh out Plaintiff's contentions.

**II. Plaintiff's Claims**

Plaintiff contends that the ALJ erred by: (1) failing to give proper weight to the opinion of his treating orthopedic surgeon and treating psychiatrist; (2) misinterpreting the opinion of the consultative examiner; and (3) improperly developing the record. (JS at 2-3.) Plaintiff seeks reversal of the Commissioner's denial of benefits

3

and remand for payment of benefits or for a new hearing before a different ALJ. (JS at 13-14.) Because the Court is remanding on Issue No. 2, the Court will proceed directly with that analysis and not address Plaintiff's other contentions in this opinion.

**III. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision denying benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-21.

**IV. The ALJ Erred in His Interpretation of the Opinion of Consultative Psychiatric Examiner and Therefore Should Have Found Plaintiff's Mental Impairment "Severe"**

Plaintiff contends that the ALJ misinterpreted the opinion of consultative psychiatrist Louis Fontana. The Court agrees. Because this

4

misinterpretation served as the only medical evidence relied upon by the ALJ in determining that Plaintiff's mental impairment was secondary to alcohol dependence and therefore "not severe," the case must be remanded for further evaluation.

A claimant cannot be considered disabled if alcoholism or drug addiction is a contributing factor material to the Commissioner's determination that the individual is disabled. 42 U.S.C. § 423(d)(2)©. In order to determine whether a claimant's alcoholism or drug addiction is a material contributing factor, it must be determined which of the claimant's physical and mental limitations would remain if he stopped using drugs or alcohol, and then it must be determined whether any and all of his remaining limitations would be disabling. 20 CFR § 404.1535(b)(2). If the claimant's remaining limitations are disabling, the ALJ must find him disabled independent of his drug addiction or alcoholism and that his drug addiction or alcoholism is not a contributing factor material to the determination of disability. *Id. Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998).

In *Bustamante v. Massinari*, 262 F.3d 949, 953-55 (9th Cir. 2001), the court established guidelines for analyzing whether alcoholism is a contributing factor material to the determination of disability. The court concluded that the ALJ must first conduct the five step sequential evaluation required by 20 C.F.R. §§ 404.1520(b)-(f). If the claimant is deemed disabled and alcoholism or drug addiction is a factor in the determination, only then may the ALJ determine whether the alcoholism or drug addiction was a contributing factor material to the disability determination. "In other words, the ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug

addiction". *Bustamante,* at 955.  If the ALJ concludes that the claimant is disabled and that there is evidence of alcoholism or drug addiction, the ALJ must determine if the claimant would still be found disabled if he stopped using the drugs or alcohol, *id.,* but the claimant then bears the burden of proving that his alcoholism is not a contributing factor material to his disability determination, *Ball,* 254 F.3d at 821.

The crucial issue in this case, therefore, is whether the ALJ appropriately found that Plaintiff's mental impairment, absent his alcohol dependence, was "nonsevere." (AR at 16).  In making this determination, the ALJ provided the following analysis:

> The consultative psychiatric examiners have split on the significance of the claimant's alcohol abuse, one, Dr. Kikani, saying it is secondary to the mood and pain disorders, and the other, Dr. Fontana, saying it is the cause of the mood disorder. Given the record as a whole, especially the claimant's typical alcoholic denial of a problem, Dr. Fontana's findings are better supported and I therefore conclude that the claimant's mental impairment, absent his alcohol abuse, is "nonsevere" as defined in the Regulations.

(AR at 16)(internal citations omitted). As this excerpt demonstrates, the ALJ primarily assessed the impact of Plaintiff's alcoholism on his disability by relying on Dr. Fontana's conclusion that alcoholism was "the cause" of Plaintiff's mental impairment. The problem, however, is that Dr. Fontana did not make such a finding.

In his comprehensive psychiatric evaluation, Dr. Fontana made the following prognosis:

> The claimant has mood symptoms secondary to his injury and

6

> his continuing pain problem. There is the likelihood that *some* of his mood problem *could* be secondary to his alcohol use and he was advised to stop using. If he can get some relief from his pain and be treated for his depression, his condition could improve within 12 months.

(AR at 195) (emphasis added). Plaintiff asserts, and the Court agrees, that the ALJ seriously misstates Dr. Fontana's opinion when he describes it as saying Plaintiff's alcoholism is the cause of his mood disorder. Dr. Fontana equivocates on this point, stating that *some* of Plaintiff's mood disorder *could* be secondary to alcohol use.

There is a substantial quantity of evidence in Plaintiff's medical records indicating that Plaintiff's depression is severe. Consultative examiner Dr. Kikani, M.D., performed a comprehensive psychiatric evaluation of Plaintiff on July 1, 2003. After meeting with and examining Plaintiff, Dr. Kikani diagnosed him with "Major depressive disorder, recurrent type; Pain disorder, associated with psychological factors and general medical condition; and, secondary diagnosis, Alcohol abuse versus dependence." Dr. Kikani assessed Plaintiff with a Global Assessment of Functioning ("GAF") score of 49, characterized by "depressed mood, insomnia, crying spells, feelings of helplessness, hopelessness and despair, preoccupation with restrictions of daily activities of living and being unable to work due to previous work-related injury, periodic thoughts of self-harm but no definite plans, self-medicating with alcohol abuse versus dependence behavior." (AR at 220). Dr. Kikani stated that Plaintiff's depression began because of his work-related injury, and that he copes with his pain and mood disorder by drinking. (AR at 220-221). Plaintiff's treating psychiatrist, Dr. DeSilva, whom Plaintiff sees regularly, diagnosed him with "Major

depressive disorder, single episode" and prescribed Trazodone, Zoloft and Klonopin. Dr. Fontana assessed Plaintiff with a Global Assessment of Functioning (GAF) score of 50. A score of 50 indicates Serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job).

The Court finds that given this substantial body of medical evidence supporting Plaintiff's assertion that he suffers from depression, and the fact that no physicians opined that alcoholism is the cause of Plaintiff's mental impairment, the ALJ lacked substantial evidence in finding that Plaintiff's mental impairment was "not severe" because it was caused by alcoholism.

A psychiatric impairment may be found "not severe" at Step Two of the Commissioner's sequential evaluation process only where the impairment "has no more than a minimal effect" on the claimant's mental ability to perform basic work activities. *See* Social Security Ruling 85-28; *see also Yuckert v. Bowen*, 841 F.2d 303, 306-07 (9th Cir. 1988); *McDonald v. Secretary of Health & Human Svcs.*, 795 F.2d 1118, 1124-25 (1st Cir. 1986).
Here, Plaintiff mounted significant medical and other evidence that his mental impairment of depression has more than a minimal effect on his life, thus meeting the requirements of a "severe" impairment under Step Two of the sequential evaluation process.

Consequently, on remand, the ALJ must proceed with Step Three, determining whether Plaintiff's mental impairment alone, or in combinations with other impairments, meets or equals an impairment in the Listing of Impairments at 20 CRF 404.  If so, disability is conclusively presumed and benefits must be awarded. If not, the

evaluation process must proceed to Step Four for a determination of whether the Plaintiff has sufficient "residual functional capacity" to perform past work.  If Plaintiff establishes that he suffers from a severe impairment that prevents him from doing any work he has done in the past, Plaintiff will have made a prima facie showing of disability. At this point--step five--the burden would shift to the Commissioner to show that Plaintiff can perform some other work that exists in "significant numbers" in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience. 20 CFR § 404.1560(b)(3). *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999).  At this stage, the use of a Vocational Expert may be necessary.  Only if Plaintiff is found disabled may the ALJ look to the issue of whether the alcoholism is a contributing factor material to the disability determination. *Bustamante,* 262 F.3d at 953-55.

## VI.   CONCLUSION

For the reasons stated above, it is **ORDERED** that the decision of the Commissioner be reversed and this case be remanded for further proceedings consistent with the analysis contained in this opinion.[1]

DATED: February 23, 2006          ***/S/ Marc L. Goldman***

  _____
  MARC L. GOLDMAN
  United States Magistrate Judge

---

[1] Plaintiff's request that any new hearing be conducted before a different ALJ is denies.  Plaintiff has failed to rebut the presumption that ALJ's are not biased. *Rollins v. Massanari*, 261 F.3d 853, 857-58 (9th Cir. 2001) (citing *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999))